The next case on our docket is United States of America v. Harold VanHooser. The parties are ready to proceed. If you could come forward. One of the questions we have is it looks like United States v. Alan Lawrence Shelby is the next case and they have similar issues. I don't know if you want to combine those. It looks like both of the same lawyers are arguing those two cases. Do you all have a preference or have you all discussed this? I don't have a preference. I think the issues are distinct but overlapping. If we did address them in one argument, it would be helpful to separate out those areas where they're different. I'm prepared to address them in separate consecutive arguments and just refer back to the extent that the same arguments are relevant. That's fine. That's what we'll do. Thank you. Here is United States v. Harold VanHooser. This habeas corpus case involves challenges to the defendant's sentences under the Armed Criminal Act and the 3559C three strikes law. The most straightforward path to relief that I'd urge this court to adopt is through the ACCA based on the two clear errors in the district court judgment. First, the district court erred in concluding that the sentencing record in this federal case precluded the possibility of reliance on the residual clause. Second, the district court erred in applying the modified categorical approach to the conviction record of the prior state robbery offenses and determining that those offenses necessarily involved violence. There's also a burglary offense in VanHooser? There are two burglary offenses. That issue was raised under STIT in the appeal because STIT was decided. So you really have, if we get, as we proceed to the merits, you really have to demonstrate that the district court erred in treating the prior robberies as violent offenses and treating the prior burglaries as qualifiers under the three strikes clause, right? And because there's binding circuit precedent on the burglary issue, the question then becomes, does STIT overrule? No, I agree. I agree. But you left out the burglaries. So let me ask a preliminary question. Is the analysis of the robbery convictions, the first degree robbery convictions, the same under the ACCA and 3559? In other words, if they categorically do not qualify under the ACCA, does it necessarily follow that they don't qualify under 3559? The answer is yes, but it didn't used to be yes, and I'd like to explain. So both 3559C and the Armed Career Criminal Act have essentially identical force clause provisions. So if the robbery offense is not a violent felony under the Armed Career Criminal Act's force clause, then it's also not a violent felony. No, I'm with you there. Okay. And then also under the elements clause. Sure, there's an enumerated offenses clause in 3559C, and it specifically enumerates robbery as defined in certain federal statutes, the 2111 robbery on federal lands, 2113 bank robbery, et cetera. And so before Stokeling, I think there was a difference between the level of force necessary for the force clause and the level of force that could potentially satisfy 2111, 2113, and 2118. But Stokeling held that it's a lower level of force. So do you think those three federal statutes, which are incorporated into the enumerated clause, really now are generic burglary, robbery? I think they're still federal robbery, but they do meet the Stokeling test, which is what this Court held in Fultz, relying on Gutierrez, the carjacking case, Ann Watson, the 924C bank robbery case they held. And so if they meet the Stokeling test, they're generic robbery. Right, and so to that extent, it's the same. But Oregon robbery does not meet... Right, and I want you to be able to get to that, but I wanted to figure out which parts of your argument that cover it. So why is... I think if we lose on the force clause post-Stokeling, we would also likely lose on the enumerated offense, although there are... I'm sorry, let me rephrase that. If we win under the force clause of the ACCA, we win under the enumerated offense clause, because that's a determination that the force is lower. If we lose on the ACCA force clause, we could still win on the enumerated offenses clause, although here, am I losing anybody? No, it's the joys of the categorical approach. There's other requirements of 2111, 2113, like that the property be taken from the person or presence of another that aren't consistent with Oregon robbery, but for this case, I think it would be determinative. So in your view, Cisneros is still good law after Stiff? Yes, your argument, and as I was preparing this case for oral argument, I wonder if remand to the district court to consider burglary might be appropriate, because there's also other thorny issues, like, for example, the Valdivia Flores aiding and abetting issue, if we reach burglary. Well, but you haven't raised that. We hadn't raised that because it was never presented before. Because the district court thought it was enough that he had the robbery. Sure, and we raised the aiding and abetting in our reply brief. We limited it to the robbery because that's what had been discussed, and we limited our response. Yeah, and I'm having difficulty thinking that the aiding and abetting argument is in front of us, since it shows up for the first time in your reply brief. But I take it your point is that if we were to get to burglary and didn't rule for you on some other basis, we ought to remand it for the district court to consider that argument. Yeah, and the primary position would be that Cisneros is not overruled. If it is, then perhaps that would be an appropriate basis for a remand for the district court to consider in the first instance whether these burglaries, which those records are not in front of the court, whether these burglaries constitute generic burglary. I'm sorry. So you think the rationale we used in Cisneros still survives after? Back to your question, yes. Yeah, if you could answer it. Yes, it does. Thank you. So in Oregon, building is defined to include buildings or structures other than those adapted or customarily used for overnight lodging. And that full scope of the definition of building was in front of the court in Cisneros, and it was deemed to be overbrought in respect to generic burglary. Well, it's really movable buildings or structures that are not adapted, right? Because I think that if one burglarizes an office building, that's generic burglary after Stokeling, right? Yes, yes. So your argument is really limited to non-permanent structures not adapted. Yes, that's correct. And those are covered in Oregon's blatant definition of building, which includes vehicles, cars, boats, airplanes. And so there's a number of different kinds of not just movable but mobile structures that are not ordinarily designed or adapted for overnight accommodation. Is your view that Stokeling held that those were not within the generic definition of burglary or just didn't treat that issue? No, Stokeling plainly holds that the generic definition of robbery, I'm sorry, of burglary. Are we talking about burglary? Burglary, I'm sorry. Yes. The generic definition of burglary extends to non-permanent structures adapted for overnight accommodation. Does it answer the question about whether non-permanent structures not adapted for overnight accommodation are in it, or does it just not treat that question? It does not treat that question, and it leaves this court's question in place. Which therefore leaves our previous decision in place. And I think that's what Muti said. It said it overrules Grisel to that extent. It overrules the aspect of Grisel that could encompass those mobile structures designed for or customarily used for overnight accommodation, but not any other element of overbreadth as to either the building definition or other definitions like the entering or remaining unlawfully, which was litigated in Cisneros, but not the basis for the ruling. Can we go back to robbery? I know you may have answered this in your exchange with Judge Hurwitz, but let me maybe ask it a little bit differently just to break it down for me. Does your argument about Robbery III rise and fall on State versus Johnson, or do you think that's enough after Stoeckling? I think State versus Johnson is the case that we've been able to identify that involves nonviolent force post-Stoeckling. And that's the basis of Strickland? Yes. And also the panel decision, the unpublished panel decision in Lawrence-Ankeny that said Strickland survived Stoeckling. So is that enough after Stoeckling? Because it doesn't seem like the Supreme Court was trying to say that a State uses the common law definition of robbery, that it's going to qualify as an ACC predicate, but I just wanted to get your views on that. Well, backing up a little bit, Stoeckling reaffirmed the Johnson I finding that physical force within the Armed Criminal Act means violent physical force. They carved out for robbery-specific exceptions this rule that physical force that overcomes a victim's resistance is violent physical force. So the question then is, does Oregon robbery categorically only encompass that degree of force? And State versus Johnson proves that it doesn't. Well, but more for our purposes, because State versus Johnson is a State Supreme Court decision, Strickland holds that it doesn't. Correct. And we have to follow Strickland unless it's been implicitly overruled. Correct. Yes, and because of the narrow holding of Stoeckling, it hasn't been. Stoeckling said we're modifying what it means to have violent physical force, but again, only in this respect regarding overcoming victim resistance. And in Strickland, they recognize that Oregon doesn't require overcoming victim resistance because it can be accomplished by nonviolent contact that prevents victim resistance because it's so swift, for example, in the purse snatching in that case. You are reserved your 15 seconds.  Thank you. Plus 10 minutes since the issues are the same. May it please the Court. Suzanne Miles for the United States. So I am prepared to jump into the Armed Career Criminal Act robbery discussion, but before we get there, I do want to take a step back and just primarily address defendant's 3559 life sentences. So any direct claim against his three strike act sentences is untimely at this point. Well, I don't understand that. It may be wrong, but it may be wrong, but I'm not sure it's untimely. What he's saying is, look, there's been a big change in the law, Johnson. He says Johnson makes clear the residual clause of 3559 is unconstitutional. That makes my challenge timely. What's wrong with that? So there's two answers to that. First, this Court's decision in Blackstone talks about the timeliness of Johnson claims against non-ACCA statutes, and what it says is we simply have to wait. In other words, it's okay, he's going to be in jail for a long time no matter what happens here, but he has to wait until some court finds that the residual clause in 3559, which so far as I can tell, and you don't argue differently, is materially indistinguishable from the residual clause in the ACCA, is unconstitutional for the same reasons the Supreme Court held the ACCA clause unconstitutional. So not some court, Your Honor, the Supreme Court. So 22. Why would the Supreme Court? Why would the Supreme Court? How is it ever going to get there unless one of us says it's unconstitutional? The same way that it got there in DiMaia looking at 16b, the same way it got there in Beckles looking at the advisory guidelines, the same way it's getting there this term in Davis looking at 924C. Except it's not going to get there because no court after Johnson, which is some years ago, ever is going to impose a sentence based on that residual clause which on its face appears to be unconstitutional. So unless there's a case on direct appeal where some court was dumb enough to use the residual clause, nobody ever sentenced under it will ever be able to raise the issue under your theory. It's not my theory, Your Honor. It's this Court's theory in Blackstone, and it's directly from the statutory language of 2255F3. It's Congress's requirement that you may not raise an untimely, this time a 20-year late habeas petition unless you have the Supreme Court declare a new rule. But the question is whether the new rule in Johnson, which deals with a clause which for my purposes I can't distinguish at all from the clause in this case, extends to this. It's a different thing to say whether it extends to the sentencing guidelines. But your position is that this defendant must wait until the Supreme Court declares this specific clause unconstitutional. And if it never does, even though it's patently unconstitutional, and he couldn't have known that until Johnson was decided, he's out of luck? That's exactly what Blackstone says. Now, the mandate of Blackstone. Let's just say we disagree with you. Yes. Because we're spending some valuable time on that issue.  Yes, I do. But I do also want to still address the timeliness issue, because it's not just Blackstone that's the bar here. The second bar is GIOZOS, which says that in order to raise a Johnson claim, so even if we can argue that the residual clause, that Johnson's rule extends to 3559, you have to say that defendant's sentence arose out of the residual clause. And the district court here said it didn't. I know the district court said it didn't, but we review that de novo, do we not? You do. Okay. So I've gone back and read the sentencing record in this case. Point to me where the district court, where the original sentences say they arise out of something other than the residual clause. So the original sentences do not say it. So what GIOZOS tells us is that we can either have a direct statement by the sentencing court or you can look at the underlying legal environment at the time, which is what the judge here did when it looked at the sentencing. My problem was that the underlying legal environment at the time didn't require a district judge to go through this difficult categorical and silly categorical approach that we have to go through. The district judge could just say, hey, I don't care if these categorically match, they're so close under the residual clause, I'll use that. And so why should we assume, doesn't the record have to exclude the possibility of reliance on the residual clause? Not just suggest that it was possible that it wasn't relied on? Two answers. First, this sentence was issued in 1997, so Taylor was already on the books. The categorical approach was already in place. And the government was arguing like crazy. I was around in 1997 and the government was saying, Taylor is nice but that doesn't affect the ACCA or the 3559 stuff. And most district judges I knew took the position you now take about Blackstone. I'm not going to find this is unconstitutional until the Supreme Court tells me it was. So that doesn't help me. And even if you take that position, you still need to look at the specific holdings in Geosis, which tells us that we do not need to have a specific statement. No, I agree. And you don't have to exclude. I agree if the legal environment at the time suggested it. But now I'm back to your first thing. What about the legal environment at the time suggested that this judge couldn't possibly have relied on the residual clause in these sentences? Because robberies were and continue to be enumerated offenses under 3559. And so even again, if you want to put aside the timeliness issue and just get to the harmlessness issue, we still have a categorical match here between Oregon robbery and the enumerated offense robbery. We see that from this Court's decision in Molinar, looking at a similarly worded Arizona statute, which looked at Arizona robbery and compared it to the enumerated offenses under the United States guidelines and found that to be a categorical match. This is an argument, I take it, that only goes to 3559. Only to the 3559. Exactly. We can leave that aside. Walk backwards and go to the ACCA stuff. That's fine. So once we leave those 3559 sentences aside and get to the ACCA, we do have some issues here, too, before we ever get to robbery. So first, we do have a timeliness issue with regard to the ACCA sentence as well, again, because the district court made the finding that the sentencing court did not rely on the residual clause but instead relied on the first clause. It's the same problem. The district court's finding is a legal one. We go back and look at that record, and I'm stuck with the same ‑‑ I suppose you have the same answer, but I'm stuck with the same problem here. When I go back to the district court original sentencing, I can't tell what was relied on. And, again, we have another piece of that factual puzzle here because what we have is that this exact same district court judge was overturned by this court, directed by this court that robbery is force clause eligible just a few years before Mr. Van Hooser was sentenced. And what the district court judge did ‑‑ This is a very creative argument. I really liked it. We slapped the district judge once, so he must have the second time done what we told him he did wrong the first time, rather than relies on the easy out, which is the residual clause, on which he never could have been reversed by us. And that's exactly what the district court ‑‑ That's your reasoning, right? That's what the district court, in looking back at this record, said. I know, but we don't give any deference to what the district court did. So forget what the district court said. You want us to conclude that, don't you? Based on this record, and I think what the district court did is persuasive here, looking and saying that without a doubt ‑‑ Your argument today is rising and falling on the timeliness? No, it's not at all. So we can put timeliness aside. And still, even if we have a timely habeas petition here and we get to harmlessness, that's where we work into the other basis for why these ACCA sentences can be affirmed. You spent over eight minutes of your argument, though, on everything, but you want to talk about that last part, and then we can continue. I can, Your Honor. And the robbery issue does overlap with Shelby, and Shelby is in a different procedural posture, so we can talk more deeply about the robbery issue then. Van Hooser has a lot of hurdles before we ever get to robbery. All right. Let's assume for purposes of your next minute and a half or your next ten minutes after that, both of these defendants leap over all the hurdles and we get to the merits. Yes. Tell us what your position is. So, again, Van Hooser is different than Shelby because of the burglary convictions. Right, right. And so ‑‑ Yes, so deal with Van Hooser. Absolutely. And so STIT clearly, what this court held in Mooty, is that STIT overruled this Court's decision in Greisel, taking away the mobile structure problems with Oregon robbery. But does generic robbery, burglary, the mobile structure, does generic burglary include nonpermanent structures not accommodated for overnight use? Certainly the Supreme Court didn't address that issue. You agree? The Supreme Court did not directly address the issue. Excuse me, in STIT. Right. So why doesn't that make the Oregon statute categorically broader than the generic crime? Because the Supreme Court's decision in Taylor cleans up some of what STIT didn't address and talks about how the generic definition of burglary that Congress imposed was meant to track the version that had been used by the majority of the states. Right, but I've looked at other states, and I can't find that other states have the definition that Oregon has, which expressly says this extends to nonpermanent structures not set up for overnight use. So the argument here seems to be that Oregon doesn't have the definition of the majority of states. I'm not sure how Taylor helps me with that. And if I can put that aside, unless, Your Honor, may I have the time to answer that? Please, Judge. I'll give you one minute to answer that. So, Your Honor, I think that the mobility aspect, whether it's accommodation for overnight use or accommodation for business, is answered by STIT, that the mobility isn't the problem. The question is whether it's a structure that's accommodated for the kinds of uses that generic burglary is meant to address. And with that, I will leave the burglary issue aside and address the robbery issues in my next argument. If that's how you'd like to proceed, that's fine. Thank you. I'll give you one minute and 15 seconds for your response here. Well, I think the Court's questions have narrowed the issues because I'm not going to plan to spend any time then on the timeliness issues or the pretty blatant Mathis error that occurred in the specific modified category. Can you speak in front of her? Sorry. She's so tall. Specific modified categorical approach. But I would like you to address the timeliness issue on 3559. Sure. And I ask you to assume that, for purposes of your response, that I don't accept, just for purposes of discussion, the government's argument that I can tell from the record that these defendants were sentenced under something other than the residual clause. But why shouldn't you have to wait for the Supreme Court to bless this 2255? The first answer is that this 2255 can rise and fall with the ACCA and doesn't need to reach the 3559C. That's within the scope of permissible relief to grant a full resentment. But that would still leave you, if we don't reach the 3559C, your client will still have life sentences, correct? No, because under a full resentencing on all counts, the parties would be free to address whether 3559C today should apply. Oh, I see. So your argument is that because if we undid the ACCA sentence, we should send it back for a full resentencing. Correct. Because the judge might, see, I'm still not clear why the judge would have to revisit the 3559. So this would be a reverse, if I may respond. Yes. This would be a reversal specifically of the denial of 2255 relief with a remand to the district court to determine the appropriate relief. And under 2243, the judge has broad discretion to grant a full resentencing or any other relief that the judge deems fair and equitable. And if the judge did not do a broad resentencing, then what would happen? You'd be back up here arguing to 3559? There would be different issues to appeal at that point because it would be under a different posture. And I think our briefing discusses why Blackstone is distinguishable and why the new rule in Johnson extends to 3559C. Thank you. So the next case, so the case of United States v. Harold Van Hooser is submitted. The next case is United States v. Alan Lawrence Shelby.
judges: Murguia, Hurwitz, Zipps